UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**STEVEN BROOKS,**<br><br>Defendant. | Hon. Cathy L. Waldor, U.S.M.J.<br><br>Mag. No. 21-9067 |

**BRIEF IN SUPPORT OF MOTION TO REVERSE THE DENTION ORDER AND GRANT PRETRIAL RELEASE**

*On the Brief:*
*Alan L. Zegas, Esq. 02133-1981*
*Joshua Nahum, Esq. 00840-2012*

**LAW OFFICES OF ALAN L. ZEGAS**
60 Morris Turnpike
Third Floor West
Summit, New Jersey 07901
(O) 973-379-1999
(F) 973-379-1998
Attorneys for Defendant, Steven Brooks

# TABLE OF CONTENTS

Table of Cases and Other Authorities........................ ii

Preliminary Statement...................................... 1

Background................................................. 1

Standard of Review......................................... 3

Legal Argument............................................. 4

Conclusion................................................. 10

TABLE OF CASES AND OTHER AUTHORITIES


Truong Dinh Hung v. United States, 439 U.S. 1326 (1978) .................................... 5

United States v. Byrd, 969 F. 2d 106 (5th Cir. 1992) .................................... 5

United States v. Delker, 757 F. 2d 100 (3d Cir. 1986) .................................... 3

United States v. Deutsch, Docket No. 18-cr-502, 2020 WL 3106383, at *2 (E.D.N.Y. June 4, 2020) .................................... 8

U.S. v. Farris, Docket No. 2:08-cr-145, 2008 WL 1944131, at *12 (W.D. Pa. May 1, 2008) .................................... 7, 9

United States v. Fortna, 769 F. 2d 243 (5th Cir. 1985) .................................... 3

United States v. Hinote, 789 F. 2d 1490 (11th Cir. 1986) .................................... 5

United States v. O'Brien, 895 F. 2d 810 (1st Cir. 1990) .................................... 6

United States v. Singleton, 182 F. 3d 7 (D.C. Cir. 1999) .................................... 5

United States v. Townsend, 897 F. 2d 989 (9th Cir. 1990) .................................... 4

United States v. Traitz, 646 F. Supp. 1086 (E.D. Pa. 1986) .................................... 7

Williams v. United States, 458 U.S. 279 (1982) .................................... 5


UNITED STATES CODES


18 U.S.C. § 3142(e) .................................... 4

18 U.S.C. § 3142(g) .................................... 4

**PRELIMINARY STATEMENT**

Defendant, Steven Brooks, hereby appeals from the detention order of the Honorable Chief Magistrate Judge Mark Falk. Mr. Brooks has proposed a series of conditions for his release that eliminate concerns about the risk of flight or danger to the community. The conditions proposed, along with Mr. Brooks' history and ties to the community rebut any presumption against his release. Mr. Brooks has proposed a highly restrictive set of conditions for his release. He would be in the custody of his parents and would be overseen by them. Pretrial Services has determined they are acceptable guardians. Under the conditions proposed, Mr. Brooks should be released from detention.

**BACKGROUND**

Mr. Brooks is charged in a three count complaint, with production of child pornography in violation of 18 U.S.C. §§2251(a) and (e); distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1)and(2), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He was arrested in the District of New Jersey where he has resided for his entire life. The charges carry a rebuttable presumption against Mr. Brooks' release.

At the initial detention hearing Mr. Brooks proffered significant information to rebut the presumption against release. Mr. Brooks proffered that he had extensive family ties to the area and has never lived outside of the area. Mr. Brooks also proffered that he has not been out of the country for any reason since 2007, and that his passport was expired. He has further proffered that though he has a sister living in California, he has never visited her there. None of this information was contested. Mr. Brooks, in addition, proffered that he had no previous criminal record.

It was further presented to the court that Mr. Brooks' parents, with full knowledge of the allegations, volunteered to take custody and responsibility for Mr. Brooks if he is released. Pretrial services determined that the parents of Mr. Brooks are suitable custodians. In addition to his parents custodianship, Mr. Brooks proffered numerous other conditions for his release to alleviate any concerns about the risk of flight or danger to the community. These conditions included the following: (1) confinement to Mr. Brooks' parents' home, with permitted trips only for medical treatment, court appearances, and meetings with counsel; (2) electronic monitoring of Mr.

Brooks' location via ankle bracelet; (3) prohibition on Mr. Brooks' use of any internet service or social network, enforced through Mr. Brooks' parents password-protecting or removing any internet connected devices from the residence; (4) mandatory monitoring of any electronic devices used by Mr. Brooks; (5) restriction on the possession of any material depicting sexually explicit conduct; (6) surrender of Mr. Brooks' passport; and (7) posting of an appearance bond in an amount determined by the court.

The magistrate judge acknowledged the decision was a difficult one and that Mr. Brooks had proposed a set of highly restrictive conditions. The magistrate ultimately determined, however, that the proffered information did not rebut the presumptions against detention and that pretrial detention was appropriate based on Mr. Brooks' risk of flight and the danger proposed to the community.

**STANDARD OF REVIEW**

The Court reviews a magistrate judge's determination regarding pretrial detention under a de novo standard of review. United States v. Delker, 757 F. 2d 100, 106 (3d Cir. 1986); United States v. Fortna, 769 F. 2d 243, 249 (5th Cir. 1985).

**LEGAL ARGUMENT**

Release of Mr. Brooks prior to his trial, under the conditions proposed, is appropriate. Mr. Brooks' history as well as the conditions proposed, adequately ensure his appearance and safeguard the public.

While a presumption of detention applies in this case, Mr. Brooks has presented credible evidence, via proffer, to overcome the presumption. 18 U.S.C. § 3142(e). The Court must take into account four factors, which weigh heavily against Mr. Brooks being seen as a flight risk or danger to the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence;[1] (3) the history and characteristics of the person; and (4) the nature and seriousness of danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g). Mr. Brooks' lengthy history in the community, his parents' willingness to support and supervise him, as well as the restrictive conditions proposed weigh in favor of Mr. Brooks' release.

---

[1] The weight of the evidence factor holds the least importance in the analysis because the court cannot make a pretrial determination of guilt. United States v. Townsend, 897 F. 2d 989, 994 (9th Cir. 1990).

Pretrial release should only be denied for "the strongest of reasons." Truong Dinh Hung v. United States, 439 U.S. 1326, 1329 (1978) (internal citation omitted). When congress enacted the Bail Reform Act, it retained the preference for the release of most defendants prior to trial. United States v. Byrd, 969 F. 2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors non-detention."). Thus, the provisions of the Bail Reform Act are narrowly construed in favor of release. See, e.g., United States v. Singleton, 182 F. 3d 7, 23 (D.C. Cir. 1999); United States v. Hinote, 789 F. 2d 1490, 1491 (11th Cir. 1986) (observing that it is required "that we strictly construe provisions of the Bail Reform Act of 1984). Cf. Williams v. United States, 458 U.S. 279, 290 (1982) (noting that criminal statutes should be narrowly construed in favor of the defendant). Under these standards, release is appropriate. The government cannot demonstrate by a preponderance of the evidence that subject to these conditions Mr. Brooks poses a flight risk or a danger to the community.

Mr. Brooks poses no flight risk. He has spent his entire life as a resident of New Jersey. He has never had any other arrests or criminal convictions. He has never

traveled extensively outside of New Jersey at all. Nothing in Mr. Brooks' personal history suggest that he would pose a flight risk, nor that he has any support network outside the jurisdiction. See, e.g., United States v. O'Brien, 895 F. 2d 810, 817 (1st Cir. 1990) (finding flight risk mitigated, even where defendant was a law enforcement officer who had lived and worked abroad for several years).

The conditions proposed eliminate all concern about the risk of flight. Mr. Brooks will live in the custody of his parents who will provide 24/7 supervision in their home. He and his parents will post an appearance bond in a suitable amount determined by the Court, both creating a financial penalty, as well as removing funds at Mr. Brooks' disposal, placing them in a trust. Mr. Brooks will also submit to electronic monitoring of his location by monitoring anklet. Id. at 816 (noting that presence of a monitoring bracelet "arguably rebuts the presumption of flight."). The combination of conditions proposed as well as Mr. Brooks' history of doing little outside of New Jersey, reinforce that he is not a flight risk.

Despite the nature of the charges, the proposed conditions assure that there will be no danger posed to the community. A defendant must be released when there are

conditions that reasonably assure the safety of witnesses and the community. United States v. Traitz, 646 F. Supp. 1086, 1092 (E.D. Pa. 1986). Mr. Brooks will be confined to his parents' home, subject to electronic monitoring, his parents' supervision, and the unavailability of access to any internet connected device. These conditions will prevent Mr. Brooks from having any interaction with the public at large. Mr. Brooks has also proposed the random monitoring and inspection of any electronic devices in the household. These restrictions will effectively shut Mr. Brooks off from the community, and they weigh strongly in favor of his pretrial release. See Traitz, 646 F. Supp. at 1092 (ordering release of organized crime defendants, in spite of testimony that witnesses feared for their safety, pending trial subject to house arrest and daily reporting to pretrial services and the cessation of contact with any persons having relations to the allegations in the case); U.S. v. Farris, Docket No. 2:08-cr-145, 2008 WL 1944131, at *12 (W.D. Pa. May 1, 2008) (approving the release of a defendant accused of attempting to arrange a sexual encounter with a child subject to home confinement in the custody of his parents; gps monitoring; and monitoring and periodic inspection of all electronic equipment). Because of Mr. Brooks' family support, electronic monitoring, and

lack of access to electronic devices, there should be no concern about Mr. Brooks being a risk of flight or danger to the community.

Further, the ongoing pandemic, with its attendant restrictions on attorney contact with incarcerated clients has made it nearly impossible for Mr. Brooks to effectively meet with counsel and participate in his defense. In person visits are not permitted at the facility where Mr. Brooks is detained. Attorney visits only take place through scheduled video conferences. However, the video conferencing software has been completely unreliable. Of counsel's various meetings with Mr. Brooks, all of them have been met with either the audio, video or both failing. Further, the software does not have a reliable procedure for the simultaneous sharing and review of documents. Courts, facing similar circumstances, have released defendants on similar conditions as those proposed here to address this issue. United States v. Deutsch, Docket No. 18-cr-502, 2020 WL 3106383, at *2 (E.D.N.Y. June 4, 2020) ("releasing defendant from his confinement . . . will afford him effective access to his attorney to prepare for the trial since . . . [the facility] has suspended attorney visitations . . . ."). In Deutsch, the defendant was

charged with similar offenses to those here, and was released to home confinement with his parents, home monitoring, and prohibitions on the use of internet connected devices. Id. The same reasoning applies in the present case. As in Deutsch, Mr. Brooks' access to his attorneys is limited by the prohibition on attorney visits. The restrictive conditions proposed by Mr. Brooks are adequate to secure his attendance in court, ensure the safety of the community, and protect the constitutional rights of Mr. Brooks to the effective assistance of counsel.

The proposed conditions protect the community from any potential harm, ensure that Mr. Brooks will not flee the jurisdiction, and allow for meaningful consultations with attorneys to prepare his defense. The combination of conditions, along with Mr. Brooks' otherwise unblemished criminal history, and his family support, demonstrate that Mr. Brooks will not pose a danger to the community, nor pose a flight risk. Accordingly, this Court should enter an order releasing Mr. Brooks from detention.

## CONCLUSION

Based on the foregoing, Mr. Brooks respectfully requests that the Court reverse the detention order and grant pretrial release in accord with the proposed conditions, and any other conditions that this Court may deem necessary and appropriate.

LAW OFFICES OF ALAN L. ZEGAS

/s/ Alan L. Zegas
By: Alan Zegas

DATED: April 14, 2021